IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY WALBURN, *et al.*,

    **Plaintiffs,**

vs.

CENTRUS ENERGY CORP., *et al.*,

    **Defendants.**

Case No. 2:20-cv-4621

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## ORDER

This putative class action asserting, *inter alia*, an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.SC. § 1961 *et seq.*, arising out of the "past operation and present decommissioning, decontamination, and demolition ("D, D, &D") of the Portsmouth Gaseous Diffusion Plant ("PORTS"), the 3,777 acre nuclear industrial site in Piketon, Ohio" (*see* ECF No. 74) is before the Court to consider several filings. First, on May 20, 2021, Plaintiffs filed a "Notice of Withdrawal of Pro Hac Vice Sponsorship, and Motion to Revoke Pro Hac Vice Admission, Stay Proceedings, and Withdraw as Counsel for Plaintiffs." (ECF No. 90.) This filing was quickly followed by Notices of Clarification and Withdrawal filed by Attorneys Richard B. Collins and Phillip Tim Howard, the counsel previously admitted *pro hac vice* and the focus of Plaintiffs' filings. (ECF Nos. 91, 92.) These notices in turn were quickly followed by "Plaintiffs' Response to and Motion to Strike Richard Collins' and Phillip Howard's Notices of Clarification and Withdrawal." (ECF No. 93.) The Court addresses these filings and resolves the motions as follows.

I.

In an effort to provide full context for the current filings, the Court sets forth the following background in some detail. Plaintiffs' initial filing asserts that certain plaintiffs and their trial attorney, Nathan Hunter, recently learned that Attorney Collins and Attorney Howard, co-counsel admitted here *pro hac vice*, are "unfit" to continue their representation of Plaintiffs. Accordingly, Plaintiffs seek to revoke the *pro hac vice* admission of Attorneys Howard and Collins and request a stay of the proceedings for 120 days to allow them to seek a substitute trial attorney. Further, Attorney Hunter seeks leave to withdraw as counsel for Plaintiffs "at the expiration of the requested stay, or at such time as replacement counsel for Plaintiffs is retained and moves for substitution." (ECF No. 90 at 1.)

More specifically, Plaintiffs' initial filing asserts that Attorney Hunter withdraws his *pro hac vice* sponsorship of Attorney Howard because Attorney Howard is facing disbarment in Florida. Further, Attorney Hunter withdraws his sponsorship of Attorney Collins because Attorney Collins both lacks the knowledge, expertise, and financial resources he agreed to bring to this case and because he failed to advise Attorney Hunter of the pending disciplinary action against Attorney Howard, despite having been aware of it for some time.

With respect to the request for a stay, the filing explains that Plaintiffs will be unable to complete the amendment of their currently operative complaint by the existing deadline.[1] Therefore, they assert that it is "critical" that any rights preserved by the initial filing of the complaint in this case be protected while they seek competent substitute counsel. They note that

---

[1] At the time of Plaintiffs' filing, their proposed third amended complaint was due on or before May 24, 2021. (ECF No. 89.)

of "utmost concern" is the possibility that the statute of limitations on any claims may have run since the time of filing such that they would be adversely affected by a dismissal.

Finally, Plaintiffs' filing asserts that good cause exists for Attorney Hunter's withdrawal because, given the actions of co-counsel, he "is now in the untenable position of being required to litigate a case wherein [he] lacks the expertise, legal support, and financial support reasonably necessary to litigate." (ECF No. 90 at 8.)  The filing confirms that Attorney Hunter "notified all Plaintiffs, as well as clients not yet named in this action, of the exigent circumstances in the case and the intended path forward, counseled them, and explicitly advised them of their rights to immediately seek substitute counsel and be released from any and all obligations under their signed fee agreements." (*Id*. at 9.)

Attached to Plaintiffs' initial filing is a "Report of Referee" recommending Attorney Howard's disbarment in Florida for violations of the Florida Bar Rules of Professional Conduct. (ECF No. 90-1.)  Attorney Hunter also has submitted a "certified statement" under penalty of perjury (ECF No. 90-2) setting forth the following.  He was retained to serve as local counsel with Attorney Howard "and a then-undetermined additional firm." (*Id.* at ¶ 2.)  Under the terms of the fee agreement, Attorney Hunter was to bear no responsibility to cover any costs of litigation besides "minor costs including postage and travel." (*Id*. at ¶ 3.)  The fee agreement was revised to include Attorney Collins and his firm and explicitly stated that Attorneys Howard and Collins would be responsible for all litigation costs going forward. (*Id*. at ¶ 4.)  In a further revised fee agreement signed in February 2021, Attorney Collins "assumed sole responsibility for funding the litigation." (*Id.* at ¶ 5.)  Attorney Hunter relied on the "affirmative representations" of Attorneys Howard and Collins that they had "sufficient experience, legal support, and funding to competently litigate this case." (*Id*. at ¶ 6.)  Attorney Hunter did not

have "sufficient experience, legal support, or funding to competently litigate a case of this scale and complexity without the support of competent and well-funded co-counsel," a fact made clear to all counsel for Plaintiff and Plaintiffs. (*Id.* at ¶ 7.) Until Attorney Hunter learned on May 11, 2021, of "numerous serious ethical violations and additional facts regarding [Attorney Howard's] unfitness," he had believed that Attorneys Howard and Collins "provided sufficient experience, legal experience, and financial backing" to proceed with this litigation. (*Id*. at ¶¶ 8, 9.)  At that time, Attorney Hunter also began to suspect that Attorney Collins was similarly unfit to adequately represent Plaintiff's interests. (*Id*. at ¶10.)  After consulting with legal ethics experts, Mr. Hunter confronted Attorneys Howard and Collins via videoconference and they both confirmed Mr. Hunter's suspicions by "affirmatively acknowledg[ing] that they lack the experience, knowledge, expertise, and financial resources to maintain representation of Plaintiffs. (*Id.* at ¶¶ 11-13.)  Based on these representations, Attorney Hunter requests leave to withdraw "after competent counsel is substituted on behalf of Plaintiffs, or in the event no such counsel can be found after lengthy and diligent efforts to secure it." (*Id*. at ¶ 15.)

Attorney Collins' "Notice of Clarification and Withdrawal" states that he "is ready willing and able to assist in the prosecution of this action" and that "[u]ntil such time as local counsel is found, [he] gives this notice of withdraw (sic), with anticipation that local counsel will be located to continue the prosecution of this action." (ECF No. 91 at ¶¶ 5, 6.)  Attorney Howard's Notice makes similar assertions. (ECF No. 92 at ¶¶ 3, 5.)  Attorney Howard also challenges at some length the findings of the Referee Report. (*Id*. at ¶¶ 1, 2(a)-(j).)  Both Notices also state specifically that notice is being given "pursuant to S.D. Ohio Local Rule 83.4(d), without review and approval of local counsel, since he has withdrawn and counsel is awaiting the Court's approval." (ECF Nos. 91, 92 at 1.)

4

In response to these Notices, Plaintiffs argue that the notices of withdrawal fail to comply with Local Civil Rule 83.4(d) because they do not contain Attorney Hunter's signature and do not otherwise satisfy the requirements for withdrawal by way of a motion, the notices should be stricken.  (ECF No. 93 at 4.)   Further, they note that Attorney Hunter had agreed to sign Attorney Collins' notice prior to the submission of the improper filing.  (*Id*.)  Moreover, they state that they and Attorney Hunter "would have gladly authorized the withdrawal" of co-counsel.  (*Id*.)  They also clarify that Attorney Hunter has not withdrawn but has requested that the Court grant him leave to withdraw after the expiration of a 120-day stay to allow Plaintiffs to seek competent substitute counsel.  (*Id*. at 5.)  Most significantly, Plaintiffs state that, despite the representations to the contrary, both Attorney Collins and Attorney Howard remain incapable of serving as counsel.  Plaintiff concludes as follows:

> It may be that Mr. Collins and Mr. Howard actually wish to remove themselves, albeit improperly, from this action, and to allow competent substitute counsel to enter and proceed with the prosecution. However, their actions since the May 14, 2021 videoconference suggest otherwise. While all Plaintiffs, and clients desiring their addition as plaintiffs, were notified by undersigned Trial Attorney on May 17, 2021 (with express authorization by Mr. Collins and Mr. Howard) that they were *released* from all obligations under fee agreements they signed, Mr. Collins and Mr. Howard actions indicate that they seek to remain involved in this case. They have contacted Plaintiffs (who have informed them that they no longer desire their representation), and, rather than filing a properly revised draft of the Notice to Withdraw prepared by Mr. Collins (*see* Exhibit 2, Exhibit 3), they filed the Notices (Doc. Nos. 91, 92) that mischaracterize the present situation and aver that they are "ready, willing, and able to assist in the prosecution of this action."
> (Doc. Nos. 91, 92, at ¶5 and ¶3, respectively).

(ECF No. 93 at 10.)

As noted, Plaintiffs attach to their response draft notices of withdrawal prepared by Attorney Collins, both of which differ from the notice he ultimately filed.  The first draft, containing an electronic signature for Attorney Collins, states:

1. The undersigned attorney seeks withdrawal in large part based upon the information set forth in the Motion filed by Counsel, Nathan Hunter.

2. The undersigned does not have the needed where with all to independently prosecute the claim.

3. It would be in the best interest of the Plaintiffs to secure new counsel who is equipped and able to move this matter to final conclusion.

4. Based on the forgoing and the information set out in the Motion filed by Nathan Hunter, the requested withdrawal is in the best interest of the parties named in the putative class.

    WHEREFORE, the undersigned respectfully seeks an Order granting withdrawal as Counsel for the Plaintiffs, and revoking the pro hac vice status of the undersigned, Richard B. Collins (Dick Collins).

(ECF No. 93-2.)

The second draft, containing electronic signatures for both Attorney Collins and Attorney Hunter states:

1. The Undersigned Attorney seeks withdrawal in large part based upon the information set forth in the Motion filed by Counsel, Nathan Hunter.

2. The Undersigned Attorney does not have the needed wherewithal to independently prosecute the claim.

3. It would be in the best interest of the Plaintiffs to secure new counsel who is equipped and able to move this matter to final conclusion.

4. Based on the forgoing and the information set out in the Motion filed by Nathan Hunter, the requested withdrawal is in the best interest of the parties named in the putative class.

    WHEREFORE, I, Richard B. Collins, pursuant to S.D. Ohio Loc. R. 83.4(d), hereby give Notice of Withdrawal as Co-Counsel for the Plaintiffs and respectfully request the Clerk of Court remove my name from the service list and terminate my registration as an ECF Filing User.

(ECF No. 93-3.)

## II.

The lengthy prologue above is easily summarized. Plaintiffs no longer wish to be represented by Attorneys Howard and Collins[2] and these attorneys have indicated their intention to withdraw. Thus, as currently presented, the only disagreement on this issue appears to center on the method for achieving this mutually desired outcome. Plaintiffs argues that the notices of withdrawal are ineffective here for two reasons: (1) Attorneys Howard and Collins failed to comply with the Court's Local Civil Rules regarding withdrawal by either notice or motion; and (2) Attorneys Howard and Collins may intend some continued involvement in this matter. For the following reasons, under the circumstances of this case, the Court does not find Plaintiffs' arguments to be well-taken.

As Plaintiffs point out, the Court's Local Civil Rules provide two distinct methods for the withdrawal of co-counsel. The first, and the provision relied upon by Attorneys Howard and Collins, Rule 83.4(d), states:

> **Co-Counsel.** Any attorney who has appeared in a case in any capacity other than as trial attorney is considered to be co-counsel for the party or parties on whose behalf the appearance has been entered. Co-counsel may withdraw by way of a notice of withdrawal signed by the withdrawing attorney and by the trial attorney for the party on whose behalf co-counsel has appeared. By signing such a notice, the trial attorney represents that the client has authorized the withdrawal. If the trial attorney is unwilling or unable to sign such a notice, co-counsel who wish to withdraw shall file a motion that complies with subsection (c)(2) of this Rule.

As indicated, the second method is set forth in subsection (c)(2) of Rule 83.4, which states:

> **Motion.** A motion to withdraw shall meet the following requirements: (1) it must be served upon the client, and the certificate of service must so state; (2) it must assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3) it must be accompanied by an affidavit or other evidence supporting the assertion of good cause. If the evidence relied upon in support of the motion would be detrimental to the client's interest if disclosed to

---

[2] *See e.g.,* ECF No. 93, at 3 ("… Plaintiffs no longer desire their assistance and representation in this case.")

>the other parties, the withdrawing attorney shall move for an order that the evidence be submitted *ex parte* and *in camera*.

The Court takes full note of these Rules. However, the Court is satisfied that the concerns underlying the Rules – the knowledge and consent of the client - have been sufficiently addressed by the filings at issue here when read as a whole. That is, Attorney Hunter specifically represents in his filings, made on Plaintiffs' behalf, that he has addressed the relevant issues with Plaintiffs and that Plaintiffs no longer wish to be represented by Attorneys Howard and Collins. The Certificates of Service attached to both of Plaintiffs' filings (ECF Nos. 90 and 93) reflect that service was made on "all named Plaintiffs via US Mail and email, where available, at the addresses listed in the table attached…." (ECF No. 90, at 11; ECF No. 93, at 12; ECF Nos. 90-3; 93-4.) A review of the Court's docket confirms that no Plaintiff has filed any response indicating disagreement with the representations in these filings or any objection to the withdrawal of Attorneys Howard or Collins.

Moreover, a review of the CM/ECF Attorney Report confirms that this is the only case in which Attorneys Howard and Collins have been granted *pro hac vice* admission to appear before this Court. Accordingly, any potential revocation would be limited to terminating their participation in this case. This is the precise outcome typically achieved more simply by way of a notice of withdrawal

Accordingly, under the circumstances of this case, and in an exercise of the Court's discretion, the Clerk is **DIRECTED** to terminate Attorneys Collins and Howard as co-counsel in this case. To this extent, Plaintiffs' motion to revoke *pro hac vice* admission is **DENIED as moot.**

The Court, however, fully notes the concerns Plaintiffs expressed regarding certain language in the notices of withdrawal. To be sure, the intent of certain language is not

particularly clear. Further, although any discussion of the allegations raised by Plaintiffs' filings is not necessary to the resolution here, the Court acknowledges the well-articulated depth of particular concerns. However, at this time, any specific concern regarding Attorneys Howard's and Collins' intention to somehow remain involved in this matter can only be characterized as speculative. First, Plaintiffs have indicated their desire to no longer be represented by Attorneys Howard and Collins. Moreover, even if this hurdle were cleared, any future request for admission *pro hac vice* would require the Court's review. Local Civil Rule 83.3(e) provides:

> **Motions for Leave to Appear *Pro Hac Vice*.** In its discretion, the Court may grant leave to appear *pro hac vice* to any attorney who is a member in good standing of the bar of the highest court of any State or the District of Columbia. Any attorney seeking this type of admission must do so by way of a motion filed in each case in which the attorney wishes to appear. The motion shall (1) be signed by a permanent member of the bar of this Court; (2) be accompanied by the filing fee prescribed by the Court for *pro hac vice* admission except as provided in subsection (g)(4) of this Rule; and (3) be accompanied by an original certificate of good standing from the highest court of a State or the District of Columbia (and not from another federal court) that has been issued not more than three months prior to the date of the motion. If the attorney seeking *pro hac vice* admission is eligible for permanent admission to the bar of this Court, the motion shall also be accompanied by a written affirmation signed by the attorney that he or she will seek permanent admission as promptly as is practicable. Only one filing fee need be tendered if the attorney is seeking leave to appear *pro hac vice* in cases that have been consolidated under Fed. R. Civ. P. 42(a) for all purposes including trial. The names of attorneys who are not members of the bar of this Court and who have not been admitted *pro hac vice* may appear on Court filings, but such attorneys may not sign any document filed with the Court in that case or conduct any proceeding before the Court or any deposition taken in the case. Their names will also not appear as counsel on the Court's docket and they will not receive any notices or mailings from the Court.

This Local Rule commits the decision whether to grant a lawyer not admitted to practice before the Southern District of Ohio the privilege of admission *pro hac vice* to the Court's sound discretion. *D.H. Overmyer Co. v. Robson*, 750 F.2d 31, 33 (6th Cir. 1984). "It codifies the Court's inherent authority to regulate the practice of law before it." *Aleisa v. Gojo Indus., Inc.*, No. 5:20-CV-2383, 2021 WL 266288, at *1 (N.D. Ohio Jan. 27, 2021) (citing *Ex Parte Burr*, 22

U.S. (9 Wheat.) 529, 530 (1824)). No authority confers a right on counsel to have a motion for admission *pro hac vice* granted even if counsel meets all the requirements of the Local Rule. The Court retains the discretion to determine whether to grant *pro hac vice* status. *Id*. (citing *D.H. Overmyer*, 750 F.2d at 34). That is, "'[t]he right to appear *pro hac vice* for an attorney not generally admitted to practice before a court is a privilege, not a right.'" *In re Hake*, 387 B.R. 514, 523 (Bankr. N.D. Ohio), *aff'd*, 398 B.R. 892 (B.A.P. 6th Cir. 2008), *aff'd,* 348 F. App'x 80 (6th Cir. 2009) (citing *In re Ferguson,* 64 B.R. 553, 554–55 (Bankr.W.D.Mo.1986) (internal citations omitted)). Accordingly, should attorneys Howard and Collins seek *pro hac vice* admission in this Court in the future, in this or any other case, the Court would, as always, consider any such application with these principles in mind.

This brings the Court to the matters of the request for a stay and Attorney Hunter's motion for leave to withdraw. Briefly, the Court notes that no opposition to the requested stay has been filed. Further, consistent with the discussion below, the Court is satisfied that a stay to allow Plaintiffs time to obtain new counsel is warranted. Further, given the complexity of this putative class action, the Court finds a stay of 120 days to be reasonable. Accordingly, Plaintiffs' motion for a stay is **GRANTED.**

With respect to the motion for leave to withdraw, as the Court understands Attorney Hunter's request, at this time, he is making what he describes as a request for "conditional withdrawal." (*See* ECF No. 93, at 5.) That is, he is not seeking leave to withdraw immediately, but has indicated a willingness to remain as counsel of record until either Plaintiffs obtain new counsel or the expiration of a 120-day stay intended to allow Plaintiffs time to obtain new counsel. Attorney Hunter has complied with all requirements of Local Civil Rule 83.4(c). First, he has served a copy of his motion on the Plaintiffs (ECF No. 90, 90-3). Further, he has set forth

as good cause his lack of sufficient experience, legal support, or funding to competently litigate a case of this scale and complexity without the support of competent and well-funded co-counsel. (ECF No. 90-2, at ¶ 7.) Finally, he has accompanied this assertion of good cause with a certified statement made under penalty of perjury. (ECF No. 90-2.) The Court's docket reflects that no Plaintiffs have filed any objection to Attorney Hunter's proposed withdrawal and more than 21 days have passed since the filing of the motion. Accordingly, consistent with his request and in the absence of any objection, Attorney Hunter's motion is **GRANTED** with the following conditions. Consistent with his representations, Attorney Hunter shall remain counsel of record until the earlier of Plaintiffs' retention of new counsel or the expiration of the stay.

### III.

For the reasons stated above, the Clerk is **DIRECTED** to terminate Attorneys Collins and Howard as counsel of record in this case consistent with the Notices of Withdraw filed on May 26 and May 28, 2021, respectively. (ECF Nos. 91, 92.) The Motion to Strike (ECF No. 93) is **DENIED.** The Motion to Revoke *pro hac vice* admission (ECF No. 90) is **DENIED as moot.**

Attorney Hunter's motion to withdraw (ECF No. 90) is **GRANTED with the following conditions.** Consistent with his representations, Attorney Hunter shall remain counsel of record until the earlier of Plaintiffs' retention of new counsel or the expiration of the stay. The Motion to Stay (ECF No. 90) is **GRANTED.** This case is **STAYED** for 120 days to allow Plaintiffs to obtain new counsel. The Clerk is **DIRECTED** to serve copies of this Order on all Plaintiffs as reflected in the Service Address List attached to Plaintiffs' motions. (*See* ECF Nos. 90-3; 93-4).

**IT IS SO ORDERED.**


**Date: July 14, 2021**　　　　　　　　　　　／s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**